IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COLUMBIA GAS TRANSMISSION, LLC,

Plaintiff,

v.

AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 20-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN WASHINGTON COUNTY, PENNSYLVANIA, OWNED BY ANGELO AND JESSICA QUARTURE (PARCEL ID 520-015-00-00-0024-04 AND 520-015-01-02-0019-00), SAMUEL AND LORRAINE KRAEER (PARCEL ID 600-002-00-00-0012-00), WILLIAM E. GRIFFITH JR. AND PAMELA M. GRIFFITH (PARCEL ID 600-001-01-02-0004-03 AND 600-001-01-02-0004-02), PAUL AND LISA CAMPBELL (PARCEL ID 100-025-00-00-0001-01), PATRICK AND ANASTASIA MCLAUGHLIN (PARCEL ID 170-006-00-00-0007-00,100-024-00-00-0003-00, 360-011-00-02-0048-00 AND 170-006-00-00-0006-00), BRUCE AND JANICE COEN (PARCEL ID 600-007-00-00-0045-00 AND 600-007-00-00-0044-00), NANCY NERNBERG AND CAROL SOVCHEN (PARCEL ID 600-007-00-00-0054-00 AND 600-007-00-00-0056-00), TERRY KUBACKA (PARCEL ID 600-007-00-00-0056-00), CARA DOBBIN (PARCEL ID 600-007-02-00-0003-13), DOUGLAS AND REBECCA BURIG (PARCEL ID 600-007-02-00-0003-01 AND 600-007-02-00-0003-06), EDWARD AND LOIS KOCI (PARCEL ID 600-002-00-00-0010-02 AND 600-002-00-00-0010-06), GREGORY AND ANN KLINE (PARCEL ID 600-007-00-00-0001-11), DAVID AND KRISTIN PODOLINSKY (PARCEL ID 600-007-00-00-0001-10), ANGELO FALCONI AND PHILLIP FALCONI (PARCEL ID 520-015-00-00-0026-00 AND 170-006-00-00-0013-00), EDWARD C. MORASCYZK, TRUSTEE OF THE ANGELO M. FALCONI IRREVOCABLE TRUST (PARCEL ID 600-001-00-00-0047-00 AND 600-001-00-00-0047-01), PRANCING HORSE FARMS (PARCEL ID 600-001-00-00-0046-00), AMANDA JEAN AND JAMES YETTER (PARCEL ID 520-011-00-00-0003-13), STEPHAN AND KATHERINE STAYDUHAR (PARCEL ID 520-011-00-00-0003-02), and UNKNOWN PERSONS AND INTERESTED PARTIES,

Defendants.

Civil Action No. _________

**COMPLAINT**

**COMPLAINT**

Pursuant to its power of eminent domain as authorized by the Natural Gas Act, 15 U.S.C. §§ 717-717(z) and Federal Rule of Civil Procedure 71.1, the plaintiff, Columbia Gas Transmission, LLC ("Columbia"), files this Complaint to condemn property interests necessary for the construction and operation of an interstate pipeline and associated appurtenances over properties owned by the defendants Angelo and Jessica Quarture, Samuel and Lorraine Kraeer, William E. Griffith Jr. and Pamela M. Griffith, Paul and Lisa Campbell, Patrick and Anastasia McLaughlin, Bruce and Janice Coen, Nancy Nernberg, Carol Sovchen, Terry Kubacka, Cara Dobbin, Douglas and Rebecca Burig, Edward and Lois Koci, Gregory and Ann Kline, David and Kristin Podolinksy, Angelo Falconi, Phillip Falconi, Edward C. Morascyzk, trustee of the Angelo M. Falconi Irrevocable Trust, Prancing Horse Farms, Amanda Jean and James Yetter, Stephan and Katherine Stayduhar, and Unknown Persons and Interested Parties (the "Landowners").

Columbia already owns pipeline easements across many of the properties to be condemned and has owned, operated and maintained a 20-inch bare steel pipeline (Line 1570) across those properties for over fifty years. Line 1570 is a bi-directional (north/south) mainline that serves the Pittsburgh metropolitan area. Pursuant to a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC"), Columbia intends to replace 34 miles of high pressure, uncoated, bare steel 20-inch diameter pipeline on Line 1570 with approximately 37.5 miles of new, 20-inch-diameter, coated and wrapped steel pipeline, between the Pennsylvania-West Virginia State Line and the terminus of Line 1570 where it intersects with Line 1485 in Allegheny County, Pennsylvania. This replacement is part of Columbia's overall program to modernize its existing infrastructure. Columbia constructed the existing Line 1570 in 1947 and has already replaced most of its existing system. This project will allow Columbia to improve the safety of the pipeline, as well as to ensure continued reliability of service and expand transportation services for new customers.

The FERC determined that the project is in the public interest and issued a Certificate of Public Convenience and Necessity. *See* 154 FERC ¶ 61,068 (attached as Exhibit B) at pp. 11-12. Columbia is managing the replacement project in three distinct segments. The properties subject to this condemnation action are part of Segment 2. Columbia previously settled with all landowners impacted by Segment 1 of the project, and construction of Segment 1 is already

under way. Segment 2, located entirely within Washington County, will replace approximately 8 miles of the existing pipeline with approximately 11 miles of new pipeline from Columbia's Redd Farm Compressor Station to its Sharp Farm Compressor Station. In Segment 2, Columbia plans to abandon the existing pipeline in place. Columbia plans to offset the construction of the new pipeline from the existing pipeline to avoid service interruptions during construction. Approximately 4.3 miles of the new pipeline on Segment 2 will be within the existing right-of-way. The remaining approximately 6.7 miles of Segment 2 will require rerouting due to existing constraints and terrain issues, sensitive resources, or other concerns. Other than by specific agreements to the contrary with affected landowners, Columbia will retain its existing easements on property where pipe on Segment 2 is proposed. Condemnation is necessary because Columbia has been unable to negotiate with the Landowners mutually agreeable terms for easements necessary on each property. In support of its Complaint, Columbia states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the condemnation authority in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h) and federal question jurisdiction, 28 U.S.C. § 1331.

2. The Landowners of the properties to be condemned contend that the value of the property interests condemned exceed $3,000.

3. Columbia has been unable to negotiate with the Landowners mutually agreeable terms for the new easements.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). The properties to be condemned are located within the Western District of Pennsylvania.

## THE AUTHORITY TO CONDEMN

5. Columbia is a Delaware limited liability company with its principal office located at 5151 San Felipe, Suite 2500, Houston, TX 77056. Columbia is an interstate "Natural-gas company" as defined by the National Gas Act, 15 U.S.C. 717a(6), and is therefore qualified to

construct, own, operate and maintain pipelines for the transmission of natural gas and its by-products.

6. By order dated February 1, 2016, the Federal Energy Regulatory Commission approved Columbia Gas' application for a certificate of public convenience and necessity authorizing Columbia to construct, operate, and abandon natural gas pipeline and above ground facilities in order to replace three segments of existing aging infrastructure in Allegheny, Greene, and Washington Counties, Pennsylvania along its existing Line 1570 ("Tri-County Bare Steel Replacement Project"). *See* Exhibit B.

7. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f (h), Columbia has the right to condemn the easements across the properties at issue here in order to replace the existing 20-inch pipeline with a new 20-inch pipeline.

**THE EASEMENTS TO BE TAKEN**

8. The Landowners affected by this condemnation are identified in the chart attached as Exhibit A.

9. Brief explanations of the rights to be condemned and drawings are attached as Exhibits C-T. These drawings show the current location of existing Line 1570, and the proposed location of the replacement Line 1570 in relation to each property at issue, if applicable to that property, and the extent of the temporary construction easement and permanent exclusive easement taken on each property, if applicable to that property.

10. The easements to be taken on most of the properties include a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon Line 1570, as are appropriate for each property and described more fully in Exhibits C-T, and appurtenant equipment, including but not limited to cathodic protection, hydrate removal systems and data acquisition facilities for the transportation of natural gas, with associated fluids, from the properties at issue here, with ingress to and egress from the right-of-way area by means of existing or future roads and other reasonable routes on the premises and on Landowners' adjoining lands, as well as temporary construction right-of-ways for the construction of the pipelines and appurtenant facilities. Specific temporary access for construction purposes is also

being taken on the Kraeer Property (Parcel ID No. 600-002-00-00-0012-00), Campbell Property (Parcel ID No. 100-025-00-00-0001-01), Podolinsky Property (Parcel ID No. 600-007-00-00-0001-10), Angelo and Phillip Falconi Property (Parcel ID No. 520-015-00-00-0026-00), Edward C. Morascyzk, trustee of the Angelo M. Falconi Irrevocable Trust Property (Parcel ID Nos. 600-001-00-00-0047-00 and 600-001-00-00-0047-01), and Prancing Horse Farms Property (Parcel ID No. 600-001-00-00-0046-00), as described more fully in Exhibits C-T.

11. The pipelines, except for risers, valves, drips, hydrate removal systems and other appurtenances reasonably required, shall be buried so as not to interfere with the cultivation of the land. The Landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct Columbia's rights described in this Complaint. The Landowners shall not: (a) change the depth of cover over the permanent right-of-way area as defined above of any installed pipeline, unless they obtain the prior written consent of Columbia; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, concrete pads or sidewalks, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, paved roads or passage ways or the like on or over the permanent right-of-way area of any installed pipeline; and (c) store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over the right-of-way area, nor permit the right-of-way area to be covered by standing water, except in the course of normal seasonal irrigation.

**THE PROPERTY OWNERS**

12. After a reasonably diligent search of public records, the persons having or claiming interests in the land subject to the easements to be condemned are identified in Exhibits A, C-T.

**OTHERS WHO MAY CLAIM AN INTEREST**

13. There may be other persons who claim an interest in the properties to be condemned whose names are unknown to Columbia because they could not be learned by diligent inquiry. These persons have been made parties to this action as permitted by Rule 71.1 of the Federal Rules of Civil Procedure

WHEREFORE, Columbia requests that it be granted possession of the property interests described above on the defendants' properties.

REED SMITH LLP

Dated: August 16, 2016

/s/ Nicolle R. Snyder Bagnell

Nicolle R. Snyder Bagnell
PA I.D. #87936
Kevin C. Abbott
PA I.D. #35734
Thomas J. Galligan
PA I.D. #319487

Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
412-288-7112
kabbott@reedsmith.com
nbagnell@reedsmith.com
tgalligan@reedsmith.com

*Counsel for Plaintiff*
*Columbia Gas Transmission, LLC*