# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC | : CIVIL ACTION |
| v. | : NO. 16-1243 |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 20-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN WASHINGTON COUNTY, PENNSYLVANIA OWNED BY *et al.* | : |

## ORDER-MEMORANDUM

**AND NOW**, this 9th day of February 2017, upon consideration of Plaintiff's Motion for partial summary judgment and preliminary injunctive relief granting immediate access and possession of easements (ECF Doc. No. 67), after a noticed hearing, no opposition from the Burig landowners, and consent from all parties as to injunctive relief but the Nernberg, Sovchen, and Kubacka landowners challenge the amount of the bond to secure a preliminary injunction, consistent with our Analysis below and upon finding: no party contests, and there are no genuine issues of material fact regarding, Plaintiff's right under the Natural Gas Act to obtain an easement; Landowners David and Rebecca Burig filed no response and did not appear at the noticed hearing; and, no Defendant landowner objects to injunctive relief allowing Plaintiff's access to their identified property and possession of an easement meeting each element of Fed. R. Civ. P. 65, although the Nernberg, Sovchen, and Kubacka landowners dispute the amount of the bond required under Fed. R. Civ. P. 65(c);

It is **ORDERED**:

1. Plaintiff's Motion for partial summary judgment (ECF Doc. No. 67) is **GRANTED**; and,

2. Plaintiff's Motion for a preliminary injunction (ECF Doc. No. 67) is **GRANTED** upon Plaintiff posting a bond of $572,500 with the Clerk of Court for the United States District Court for the Western District of Pennsylvania.

## *Analysis*

### A. Background[1]

Columbia Gas Transmission, LLC ("Columbia") is an interstate "Natural-gas company" as defined by the Natural Gas Act, 15 U.S.C. § 717a (the "Act") and qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas and its by-products.[2] As such, Columbia is subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC").

In February 2015, Columbia filed an application under the Act and its regulations seeking a certificate of public convenience and necessity authorizing the replacement of an existing gas pipeline and associated facilities located in Greene, Washington, and Allegheny Counties and for approval to abandon the facilities being replaced ("Tri-County Project").[3] The Tri-County Project is a multi-year modernization program designed to address Columbia's aging

---

[1] As no Defendant objected, we rely upon the testimony at the hearing and from Plaintiff's Statement of Undisputed Material Facts ("SUMF") (ECF Doc. No. 70) in support of its Motion for partial Summary Judgment (ECF Doc. No. 67) and the complaint (ECF Doc. No. 1). No Defendant landowner filed a response.

[2] SUMF at ¶ 1. "Natural-gas company" is defined as "a person engaged in the transportation of natural gas in interstate commerce, or the sale in interstate commerce of such gas for resale." 15 U.S.C. § 717a(6).

[3] February 1, 2016 FERC Order at ¶ 1 (ECF Doc. No. 1-3).

infrastructure, and identifies high risk, vulnerable portions of the system needing upgrades to meet safety regulations or to improve service reliability.[4]

In its application to FERC, Columbia proposed replacement of a portion of its existing "Line 1570," a bi-directional north/south mainline serving the Pittsburgh metropolitan area.[5] Columbia currently owns, operates, and maintains Line 1570, having done so for nearly 50 years,[6] and owns pipeline easements across some of the properties to be condemned.

Columbia proposed the replacement of 34 miles of pipeline on Line 1570 with approximately 37.5 miles of new pipeline. Some portion of the existing pipeline will be replaced in the same location, while other portions will deviate from the existing line by approximately 25 feet to avoid environmentally sensitive areas, construction challenges, or encroachments.[7] Columbia's proposed Tri-County project will occur in three "segments," with Segment 2 located entirely within Washington County involving Defendants' properties. In Segment 2, Columbia will abandon the existing pipeline and replace it with new pipeline.[8]

On February 1, 2016, FERC approved Columbia's application.[9] Unsuccessful in negotiating with Defendant Landowners as to mutually agreeable terms for new easements, Columbia filed this condemnation action on August 17, 2016 seeking to condemn the easements

---

[4] *Id.* at ¶ 4. (ECF Doc. No. 1-3).

[5] *Id.* at ¶ 5.

[6] Declaration of Anthony J. Sulkowski, Jr., P.E. Appx. 23 at ¶ 6 (ECF Doc. No. 71).

[7] FERC Order at ¶ 6. (ECF Doc. No. 1-3).

[8] *Id.* at ¶¶ 7, 9.

[9] SUMF at ¶ 2; Appx. 2-19 (ECF Doc. No. 70).

3

across the Landowners' properties needed for access to replace the pipeline. On most of the properties, Columbia seeks a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon Line 1570.

Columbia moved for partial summary judgment and immediate access and possession of easements on properties owned by Defendant Landowners who had not entered a stipulation or settled with Columbia.[10] It contends it requires immediate access to and possession of the property interests taken to meet the construction schedule and implement its project approved by FERC.[11] To complete the project before the 2017-2018 winter heating season and meet its schedule with FERC, Columbia contends it requires access to must prepare and clear the right-of-way by March 31, 2017.[12]

---

[10] At the time it filed its motion, Columbia had already settled and voluntarily dismissed Defendant Landowners Cara Dobbin, Edward and Lois Koci, James and Amanda Yetter (ECF Doc. No. 53), and Samuel and Lorraine Kraeer (ECF Doc. No. 59). After filing its motion, Columbia settled and voluntarily dismissed Defendant Landowners Gregory and Ann Kline and Stephen and Katherine Stayduhar (ECF Doc. No. 79) and Angelo and Jessica Quarture (ECF Doc. No. 104). Columbia entered stipulations regarding access, but not the amount of just compensation, with Defendant Landowners Prancing Horse Farms, Ed Morascyzk, trustee of the Angelo M. Falconi Irrevocable Trust, Angelo and Phillip Falconi, and Patrick and Anastasia McLaughlin (ECF Doc. No. 72); Paul and Lisa Campbell (ECF Doc. No. 81); Defendant Landowners Nernberg, Sovchen, and Kubacka (ECF Doc. No. 82); Bruce and Janet Coen (ECF Doc. No. 105); and William and Pamela Griffith, Jr. (ECF Doc. No. 108).

Columbia filed a separate motion for partial summary judgment and immediate access and possession of easements on property owned by Defendant Landowners David and Kristin Podolinsky (ECF Doc. No. 74), as well as a motion for expedited hearing (ECF Doc. No. 76). The Podolinskys did not respond and have now settled their dispute with Columbia (ECF Doc. No. 113).

[11] Motion for Summary Judgment at ¶ 10 (ECF Doc. No. 67).

[12] *Id.* at ¶ 10.

We held a hearing on Columbia's motion for partial summary judgment on February 2, 2017. At the time of the hearing, only Defendant Landowners Douglas and Rebecca Burig and David and Kristen Podolinsky had not entered into a stipulation for access or settled with Columbia.[13] The Burigs did not appear and do not seek a bond. At the hearing, Defendant Landowners Nernberg, Sovchen, and Kubacka ("Nernberg Landowners") contested the amount of bond to be posted to secure Columbia's preliminary injunction. While Columbia presented exhibits and testimony, the Nernberg Landowners elected to rely upon argument and without competent expert evidence of its appraisal of its property before and after the easement, although they attached reports to their written submissions under our December 18, 2016 Order.

**B. Discussion**

**A. Columbia's right to condemnation under the Act.**

Section 717f(h) of the Act grants the right to eminent domain for construction of pipelines:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas ... *it may acquire the same by the exercise of the right of eminent domain* in the district court of the United States for the district in which such property may be located, or in the State courts.[14]

---

[13] Defendants Podolinsky elected not to appear at the February 2, 2017 hearing and did not contest Columbia's motion. Accordingly, we granted Columbia's motion (ECF Doc. No. 111). The Podolinskys subsequently settled with Columbia. *See* n. 10, *supra*.

[14] 15 U.S.C. §717f (h) (emphasis added).

Once FERC issues a certificate of public convenience and necessity, the certificate holder has "the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement."[15] Any challenge to FERC's Order must be made by rehearing before the Commission, with appeal to the United States Courts of Appeals.[16] Our role is "one of mere enforcement . . . to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope."[17]

To condemn the easements at issue, Columbia must demonstrate (1) it holds a FERC certificate of public convenience and necessity; (2) the rights-of-way to be condemned are necessary for the construction, operation, and maintenance of the pipeline; and (3) it has been unable to acquire the proposed rights-of-way from the landowner.[18] Here, there is no dispute Columbia holds a FERC certificate of public convenience and necessity. As set forth above, the Defendant Landowners may not collaterally attack the FERC certificate in this court. On the second factor, Columbia Gas argues the easements to be condemned are necessary for the

---

[15] *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp.*, 768 F.3d 300, 304 (3d Cir. 2014).

[16] 15 U.S.C. §717r; *Transcontinental Gas Pipe Line Co. v. Temporary Easements for 0.13 Acres and a Temporary Easement Within the Existing Right of Way for 0/18 Acres in Tobyhanna Twp., Monroe Cty, Pa.*, No. 15-151, 2015 WL 5895808, at *4 (M.D. Pa. Oct. 6, 2015).

[17] *Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres, More or Less, in Monroe Twp.*, No. 08-168, 2008 WL 4346405, at *3 (W.D. Pa. Sept. 19, 2008).

[18] *Columbia Gas Transmission, LLC v. 10.5068 Acres, More or Less in York County*, No. 5-360, 2015 WL 1470698, at *4 (M.D.Pa. Mar. 31, 2015) (citing *Columbia Gas Transmission, LLC v. 1.092 Acres of Land in Twp. of Woolwich, Gloucester Cnty., N.J.*, No. 15–208, 2015 WL 389402, at *3 (D.N.J. Jan.28, 2015)).

6

construction, operation, and maintenance of Line 1570 as evidenced by FERC's determination in issuing the certificate. Finally, Columbia asserts it made offers to all the known property owners in Segment 2 of the project and cannot yet reach a settlement with the Burigs. Only the Coens filed an answer under Fed. R. Civ. P. 71.1(e)(2) to Columbia's complaint.[19] None of the other Defendant Landowners filed an answer. Under Rule 71.1(e)(3), "[a] defendant waives all objections and defenses not stated in its answer" and "[n]o other pleading or motions asserting an additional objection or defense is allowed" to the taking; however, at the trial on compensation, a non-answering defendant may present evidence relating to just compensation.

## B. The parties do not contest injunctive relief for access is warranted.

The Act does not allow for "quick take" powers; in a condemnation action under the Act, we must evaluate access to property under the preliminary injunction rubric of Fed.R.Civ.P. 65(c). When determining whether a party is entitled to a preliminary injunction, we consider: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest."[20] "[O]nce a district court determines that a gas company has the substantive right to condemn property under the [Natural Gas Act], the court may exercise equitable power to grant the remedy of immediate possession through the

---

[19] (ECF Doc. Nos. 42, 43). The Coens subsequently signed a stipulation with Columbia allowing access (ECF Doc. No. 105). *See* note 10, *supra.*

[20] *Columbia Gas Transmission, LLC*, 768 F.3d at 315 (quoting *Am. Express Travel Related Servs. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir.2012)).

issuance of a preliminary injunction."[21] Before we grant immediate possession, "there must be a judicial review prior to the take as well as an injunction procedure."[22]

We noticed and held a hearing on Columbia's request for injunctive relief. No party filed an opposition or appeared to contest injunctive relief. The parties consented to the entry of injunctive relief. We independently find Columbia showed a reasonable probability of success on the merits. Given the FERC Order, Columbia also showed irreparable injury to its approved FERC plan and necessarily timely development by denial of the relief. Balancing the prejudice confirms greater harm to Columbia by denial of access than harm to landowners (who do not object) by entering injunctive relief. Given FERC's Order, granting preliminary relief is in the public interest.

Absent objection and based upon our review of the evidence and argument presented at our noticed February 2, 2017 hearing, Columbia demonstrated an ample basis for injunctive relief.

### C. A bond of $ 572,500 is warranted for the entry of a preliminary injunction.

The Nernberg Landowners dispute the bond amount Columbia is required to post under Rule 65(c). In its motion for partial summary judgment and immediate access, Columbia states it "is prepared to post a bond equal to its estimate of the just compensation due to the landowners."[23] The Nernberg Landowners contend Columbia offered a bond in the amount of no

---

[21] *Constitution Pipeline Co., LLC v. A Permanent Easement for 1.92 Acres*, No. 3:14-2445, 2015 WL 1219524, at *2 (M.D. Pa. Mar. 17, 2015) (quoting *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir.2004)).

[22] *Constitution Pipeline Co.*, 2015 WL 1219524 at *3.

[23] Brief at 7 (ECF Doc. No. 68).

more than $70,000.[24] The Nernberg Landowners suggest a bond of $5 million is necessary to protect their interests representing double their preliminary estimate of damages.[25] The Nernberg Landowners estimate $2 to $3 million as the diminution in value of the property based on the effect of the proposed location of the pipeline easement on the marketability of their property, and identify a number of questions to be resolved.[26] The Nernberg Landowners elected not to present expert testimony at our February 2, 2017 hearing.

The appropriate bond amount is a matter of our discretion but posting a bond is "almost mandatory."[27] In *UGI Sunbury*, the parties disputed the amount of just compensation. The defendant landowners presented just compensation values in their briefs on the issue of bond amounts and the plaintiff gas company provided amounts based on its offer to landowners. The Honorable Matthew W. Brann found he "cannot assume that the amount proposed by UGI in an offer to settle is the actual value of the just compensation calculated by UGI, especially considering that different parcels of land are undoubtedly worth more than others."[28] We cannot determine what, if any, evidence the objecting landowner provided to Judge Brann which demonstrated the taking would "affect Defendant's livelihood, ability to access fields, destroy

---

[24] ECF Doc. No. 84 at ¶ 12.

[25] ECF Doc. No. 87 at 6. In a later submission, the Nernberg Landowners suggest a bond of $3.5 million (ECF Doc. No. 97 at ¶ 7).

[26] ECF Doc. No. 84 at ¶ 14.

[27] *UGI Sunbury LLC v. A Permanent Easement for 71.7575 Acres*, No. 3:16-788, 2016 WL 4089120, at *5 (M.D.Pa., Aug. 2, 2016) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 425-26 (3d Cir. 2010)).

[28] *Id.* at *6.

crops, devalue farmland, alter livestock production, and land development rights."[29] Because the issue of just compensation "is a matter for another day, after appraisals have been conducted by all parties and the evidence is presented to the Court," Judge Brann adopted the bond amounts proposed by defendant landowner, finding "to be prudent, courts must err on the 'high side' so as not to limit a wrongfully enjoined party's recover amount."[30] Judge Brann settled on the higher amount although finding the risk to defendant landowners wrongfully enjoined is "likely low" considering the gas company's valid FERC certificates; and the gas company will only be required to pay the amount of just compensation if, at the time of the condemnation hearing, the court determined just compensation is less than the amounts posted in the bonds.[31]

Columbia responds their proposed bond amount of $30,900 is adequate to protect the Nernberg Landowners, arguing Rule 65(c) does not require a bond equal to just compensation and the Nernberg Landowners' proposed bond amount of $3.5 million exceeds any reasonable estimate of just compensation because Nernberg Landowners' calculations of "highest and best use" is purely speculative and their experts' valuation is flawed.[32]

At our noticed injunction hearing, Columbia presented testimony describing the Nernberg Landowners' property including necessary steps to allow access across the easement. Columbia presented the testimony of a qualified appraiser as to the value of 4.43 acres of the Nernberg

---

[29] *Id.* at *5 (quoting from the landowner's filings).

[30] *Id.* We set trial on just compensation for the non-settling Defendant Landowners for April 17, 2017.

[31] *Id.* Judge Brann denied UGI's motion for hearing, granted its motion for partial summary judgment, granted its motion for preliminary injunctive relief, and ordered a bond posted in the amounts proposed by defendant landowners.

[32] ECF Doc. No. 102.

10

Landowners' 58.6 acres of property before and after the easement. The Nernberg Landowners argued we should set a higher bond because Columbia is a private entity with no financial guaranty of payment after the April 2017 jury verdict. The Nernberg Landowners contend they will present trial testimony demonstrating a diminution of their property values of $1,640,000 and requesting a bond at twice this alleged loss "plus some amount for the trees and vegetation."[33]

Columbia may be correct as to the inadmissibility of the Nernberg Landowners' valuation of just compensation. But this argument is for trial.[34] On the other hand, absent extraordinary circumstances not present, we cannot rely on the Nernberg Landowners' hearsay expert reports, even in a preliminary injunction context.[35] The Nernberg Landowners did not appear at the hearing to offer their valuation. We are approximately nine weeks from the jury trial on just compensation. We have no basis to find Columbia Gas could not satisfy a verdict in this range of possible compensation. We set the bond today on the possible amount of just compensation based on the evidence adduced at our hearing but tend to err on the high side in setting the bond amount considering, in many cases, "the only recourse against wrongful enjoinment is against

---

[33] Nernberg Landowners' Supplemental Memorandum on Bond at 4 (ECF Doc. No. 100).

[34] For example, Columbia cites a post-trial finding of just compensation challenging expert calculations in *Tennessee Gas Pipeline Co. v. Permanent Easement for 1.7320 Acres & Temp. Easements for 5.4130 Acres in Shohola Twp., Pike Cty., Pa.*, No. 11-28, 2014 WL 690700 at *11, (M.D.Pa. Feb. 24, 2014).

[35] *Constellation NewEnergy, Inc. v. Powerweb, Inc.*, No. 02-2733, 2004 WL 6031010, at *1 n.1 (E.D.Pa. Aug. 19, 2004); *but see Fed. Trade Comm'n v. Click4Support, LLC.*, No. 15-5777, 2015 WL 7067760 at *2 n.4 (E.D.Pa. Nov. 10, 2015) (admitting hearsay expert report affording it "little or no weight").

the bond."[36]

The only competent evidence presented at our hearing is a $10,000 per acre value for the permanent easement of 1.75 acres and $5,000 per acre value for temporary workspace and additional temporary workspace of approximately 2.7 acres. Columbia presented this valuation but it did not fully explain why its just compensation analysis only applied to 1.75 acres and not the entire 58.6 acres claimed by the Nernberg Landowners as described in the expert reports. At our hearing, Columbia's counsel referenced a smaller number of acres at issue but we have no definite proof the Nernberg Landowners seek just compensation for the loss of value to their entire property. Relying solely upon the competent evidence of $10,000 an acre for the effect from a permanent easement and $5,000 for the temporary workspace, we find a bond of $572,500 is warranted. We presently credit a $10,000 per acre value for all parcels allegedly owned by the Nernberg Landowners net the $5,000 per acre for the approximate 2.7 acres temporarily affected.[37] Consistent with the persuasive reasoning from other district courts, we further find our $572,500 bond amount errs on the high side based on the maximum number of acres claimed by the Nernberg Landowners. We find no basis for a multiplier on this potential just compensation. The trial verdict will be entered in approximately nine weeks. The Nernberg Landowners offer no basis to challenge Columbia's ability to satisfy any just compensation award. Our only evidence is the FERC review of Columbia's financials. While these findings are not conclusive on us, absent any contrary evidence, the records provided to FERC demonstrate

---

[36] *UGI Sunbury LLC* at *5 (quoting *Arlington Ind., Inc. v. Bridgeport Fittings, Inc.*, No. 06-1105, 2011 WL 4916397, *3 (M.D.Pa. Oct. 17, 2011)).

[37] $10,000 per acre x 58.6 acres = $586,000 less $13,500 ($5,000 per acre x 2.7 acres for temporary work space) = $572,500.

12

financial viability sufficient for this short term bond.

_____
KEARNEY, J.