IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:16-cv-01243-MAK |
| v. | ) | |
| | ) | |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 20-INCH GAS TRANSMISSION PIPELINE ACROSS PROPERTIES IN WASHINGTON COUNTY, PENNSYLVANIA, OWNED BY ANGELO AND JESSICA QUARTURE (PARCEL ID 520-015-00-00-0024-04 AND 520-015-01-02-0019-00), SAMUEL AND LORRAINE KRAEER (PARCEL ID 600-002-00-00-0012-00), WILLIAM E. GRIFFITH JR. AND PAMELA M. GRIFFITH (PARCEL ID 600-001-01-02-0004-03 AND 600-001-01-02-0004-02), PAUL AND LISA CAMPBELL (PARCEL ID 100-025-00-00-0001-01), PATRICK AND ANASTASIA MCLAUGHLIN (PARCEL ID 170-006-00-00-0007-00,100-024-00-00-0003-00, 360-011-00-02-0048-00 AND 170-006-00-00-0006-00), BRUCE AND JANICE COEN (PARCEL ID 600-007-00-00-0045-00 AND 600-007-00-00-0044-00), NANCY NERNBERG AND CAROL SOVCHEN (PARCEL ID 600-007-00-00-0054-00 AND 600-007-00-00-0056-00), TERRY KUBACKA (PARCEL ID 600-007-00-00-0056-00), CARA DOBBIN (PARCEL ID 600-007-02-00-0003-13), DOUGLAS AND REBECCA BURIG (PARCEL ID 600-007-02-00-0003-01 AND 600-007-02-00-0003-06), EDWARD AND LOIS KOCI (PARCEL ID 600-002-00-00-0010-02 AND 600-002-00-00-0010-06), GREGORY AND ANN KLINE (PARCEL ID 600-007-00-00-0001-11), DAVID AND KRISTIN PODOLINSKY (PARCEL ID 600-007-00-00-0001-10), ANGELO FALCONI AND PHILLIP FALCONI (PARCEL ID 520-015-00-00-0026-00 AND 170-006-00-00-0013-00), EDWARD C. MORASCYZK, TRUSTEE OF THE ANGELO M. FALCONI IRREVOCABLE TRUST (PARCEL ID 600-001-00-00-0047-00 AND 600-001-00-00-0047-01), PRANCING HORSE FARMS (PARCEL ID 600-001-00-00-0046-00), AMANDA JEAN AND JAMES YETTER (PARCEL ID 520-011-00-00-0003-13), STEPHAN AND KATHERINE STAYDUHAR (PARCEL ID 520-011-00-00-0003-02), and UNKNOWN PERSONS AND INTERESTED PARTIES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

# COLUMBIA GAS TRANSMISSION, LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS NANCY NERNBERG, CAROL SOVCHEN, AND TERRY KUBACKA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The only remaining issue in this condemnation action is the just compensation due to the defendants Nancy Nernberg, Carol Sovchen, and Terry Kubacka (the "Landowners") for Columbia's condemnation of 1.75 acres of permanent easement and 2.68 acres of temporary easement across the Landowners' 58-acre property. The Landowners bear the burden of proving the fair market value of the property taken by Columbia. In addition to the easement taken by Columbia, the Landowners contend that they are entitled to compensation for an additional 40 acres which they claim they cannot develop because they cannot cross the pipeline.

The Landowners have moved for partial summary judgment seeking a minimum award for the 40 acres. That motion must be denied for the fundamental reason that there is a genuine dispute of material fact as to whether the pipeline can be crossed. Because Columbia will present evidence that the pipeline can safely be crossed in order to allow the Landowner to develop the 40 acres, the Landowners' motion fails.

Even if the Landowners were entitled to any compensation for the 40 acres, they are certainly not entitled to summary judgment as to the minimum value they seek. The Landowners attempt to rely on testimony given by a Columbia witness at the bond hearing but that testimony as to settlement offers is irrelevant to the just compensation for the fair market value of the property easement condemned. The Landowners also seek to rely on out of context statements from Columbia's expert's report. Such unsworn evidence is not proper under Rule 56 of the Federal Rules of Civil Procedure. In any event, the Landowners have the burden of proof and they may not meet their burden by calling on an opposing party's expert.

Landowners' motion should be denied.

**LEGAL STANDARD**

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). "[I]t is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007). A party who has the burden of proof must persuade the factfinder that his propositions of fact are true, and "if there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted." *Id.* In this condemnation action, the defendant landowners bear the burden of proof on the issue of just compensation. *See Hardy Storage Co. v. An Easement to Construct, Operate and Maintain 12-Inch and 20-Inch Gas Transmission Pipelines Across Properties in Hardy County*, 2009 WL 900157, *3-4 (N.D.W.Va. March 31, 2009); *see also Millennium Pipeline Co. v. Certain Permanent and Temporary Easements*, 919 F.Supp. 2d 297, 300 (W.D.N.Y. 2013).

**I.     LANDOWNERS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO THE 40 ACRES OF PROPERTY NOT CONDEMNED.**

Columbia has only condemned a partial interest in 1.75 acres of permanent easement and 2.68 acres of temporary easement yet the Landowners seek summary judgment on the value of 40 acres not condemned based on their contention that they have been deprived of the highest

and best use of that property because the pipeline across the property cannot be crossed in order to develop the 40 acres.[1]

The Landowners' motion for summary judgment should be denied because there is a genuine dispute of material fact as to whether the pipeline can be crossed.

The Landowners make the conclusory statement that "the only evidence is that the easement would not allow 40 acres of the property to be utilized for their highest and best use because that portion of the property will be cut off by the easement." *See* Landowner's Brief [ECF No. 117] at p. 7. On the contrary, there is extensive evidence in the record, including evidence from both Columbia and the Landowners' own experts, to rebut that claim.

First, the Landowners' own expert on the feasibility of development on the property, Steven Victor, admits that planning a residential development around a natural gas pipeline is a very common occurrence. *See* S. Victor Dep. [Appendix NA 68] at p. 33:1-5. He could not think of a time in which a residential development was not feasible because of the existence of a natural gas pipeline. *See id*. at p. 33:10-13. Victor has worked previously with Columbia to develop pipeline crossings and has found that it is common for pipeline crossings to occur as long as they are done safely. *See id.* [Appendix NA 70] at p. 38:7-11 ("Like I said, I've found 90 percent of the time I can usually do that, but it's because I come to it knowing what those guidelines will be and I've designed it in such a way that I think met their standards."). Perhaps most importantly, Victor admitted that a crossing of the pipeline could be accomplished on the Landowners' property in accordance with Columbia's minimum guidelines. *See id.* at p. 40:22-25 ("It has the potential to be done safely, yes – I should not say 'safely.' **It has the potential to be done to meet the guidelines of the gas company**, if they would wish to grant it.") (emphasis

---

[1] Defendants' claims regarding future development of the property are speculative because, as explained in Columbia's Motion for Summary Judgment, the Defendants have no current plans to develop their property. *See* Columbia's Motion for Summary Judgment [ECF No. 132].

added). Victor also admitted that the development of such a crossing, which he admits is feasible, would change the conclusion of his feasibility study finding that development will be impossible on 40 acres of the property. *See id.* at pp. 41:1-4. Defendants' purported expert appraiser Robert Barone also admitted that he is familiar with many residential subdivisions that contain road crossings across pipelines. *See* R. Barone Dep. [Appendix NA 106] at p. 50:5-15 ("Q: Have you ever appraised a property, to your knowledge, where there's a road crossing the pipeline? A: Well, in a lot of residential subdivisions where I have done appraisals, there is a road crossing a pipeline, yes. Q: So it doesn't surprise you to hear that there is a residential development around and over a pipeline? A: No.").

In addition to the testimony of Defendants' experts, Columbia's expert appraiser William Rielly, the only certified appraiser to perform a condemnation appraisal on the Defendants' properties, determined that the highest and best use of the property both before and after the taking was for single family residential use. *See* William Rielly Appraisal at pp. 19-20 [Appendix NA 128-129]. In making that determination he concluded that residential use was both legally permissible and financially feasible both before and after the taking. *See id.* Columbia also disclosed Ray Sutherland, a Professional Engineer with extensive experience in land development feasibility, who reviewed the Defendants' proposed development plans and stated that "I have been the engineer on many projects on which gas lines traverse the property. There are multiple design options that could be incorporated into the horizontal and vertical alignment that would allow the development to proceed." *See* Report of R. Sutherland at pp. 3-4 [Appendix NA 170-171].

Columbia has repeatedly emphasized to Defendants during discovery that it will work to accommodate Defendants' proposed development.

4

> Interrogatory No. 2: Is it Columbia's position that we cannot construct a road across the easement, which road would have to comport with South Strabane Township Street Design Standards… .
>
> Answer: No, Defendants Nernberg, Sovchen, and Kubacka may undertake any activity in the easement authorized by Columbia as not interfering with the easement. … As described in the Right-of-Way Use Specifications, Columbia will attempt to accommodate a landowner's desired use of the property, but must also ensure the safety and integrity of its pipeline system and the welfare of its neighbors. Accordingly, Columbia will formally review specific plans for construction activities and projects proposed on or near its right-of-ways and pipeline facilities.

*See* Columbia's Objections and Responses to Defendants Second Set of Discovery Requests, Answer to Interrogatory No. 2 [Appendix NA 164-165].

Further, according to the sworn declaration of Karen Franks, Land Project Manager for the Tri-County Project, Columbia will accommodate a landowner's desired use of the property and will grant crossings of the easements based on review of site specific plans and will permit crossings in accordance with its minimum guidelines and right-of-way use specifications to protect the safety and integrity of its pipeline system and the welfare of its neighbors. *See* Declaration of Karen Franks [Appendix NA 177-178] at ¶ 3. Line 1570 has been crossed on numerous occasions in compliance with Columbia's minimum guidelines so that that the landowner's use and enjoyment of the property is not negatively impacted and the safety and integrity of the pipeline is maintained. *See id.* at ¶ 4. Columbia has permitted significant road crossings in Washington County, and Line 1570 is crossed by both Pennsylvania Route 19 and Interstate 79 in the vicinity of the Defendants' property. *See id.* at ¶ 5. Columbia pipeline easements in Washington County have not prevented the residential development of property. For example, the Meadowbrook Housing Development was built up around existing Line 1570, and that development alone contains pipeline crossings at Bluegrass Drive, Bridlewood Court, Saddlebrook Lane and McBride Road. *See id.* at ¶ 6. Columbia has not yet

5

been able to address the location of a specific crossing or crossings on the Defendants' property because the Defendants have not provided Columbia with any site specific plans for development. *See* Declaration of Karen Franks [Appendix NA 177-178] at ¶ 7.

None of the cases cited by the Landowners support their motion for summary judgment. The cases they cite for the principle that "any future prospective use affecting value must be proven with reasonable certainty" are inapplicable because each of those cases involves the court scrutinizing a *landowner's* claims regarding future prospective use for their property. *See City of Chicago v. Anthony,* 554 N.E.2d 1381 (Ill. 1990) (landowner's proposal to use portion of property subject to condemnation found insufficiently specific to be admissible); *Rockies Express Pipeline LLC v. Hopkins,* 2012 U.S. Dist. LEXIS 65121, *10-12 (S.D. Ind. May 9, 2012) (rejecting landowner claim that 500 foot setback zoning requirement prevented construction of future residence); *United States v. 33.92356 Acres of Land,* 585 F.3d 1, (1st Cir. P.R. 2009) (excluding landowner's expert report where opinions regarding future use of the property was overly speculative); *United States ex rel. TVA v. 1.72 Acres of Land,* 821 F.3d 742, (6th Cir.) (Rejecting Landowner's claim that compensation should be based on potential future use where property was not zoned for such use). Columbia does not have the burden to prove just compensation. Accordingly, the standard in these cases[2] scrutinizing defendants' claims of future prospective use is not applicable to Columbia's contention that the Landowners may cross the pipeline.

---

[2] While not applicable to Columbia's contention regarding the crossing of the pipeline, the Landowners' cited cases undercut their own purported measure of just compensation in this case: lost profits from a speculative future residential subdivision. The landowners have argued for damages based on lost profits in their briefing on the preliminary injunction bond and through their expert disclosures. Landowners' purported estimate of just compensation would not withstand the scrutiny of the "reasonable certainty" analysis that they now advocate in their motion for partial summary judgment. *See e.g. United States v. 33.92356 Acres of Land*, 585 F.3d 1 (1st Cir. 2009) (an expert opining that there was reasonable probability of residential development, without any evidence to support demand, was not sufficient to allow a fact finder to make a determination of just compensation).

Another of Defendants cited cases, *Heidelberg Township*, expressly found that the Plaintiff in a condemnation action under the Natural Gas Act has no obligation to prove that the easement does not impact the property. *See Columbia Gas Transmission, LLC v. 101 Acres and 41,342 SQ. Ft. More or Less in Heidelberg Township,* 2016 WL 6248071, at *4 (M.D. Pa. Oct. 26, 2016) ("Either it is Columbia Gas's burden to prove that the restrictions do not significantly impact the entirety of the subject properties; or rather, it must be the [Defendant's] burden to prove that the restrictions do in fact have the negative impacts that are alleged. A review of the pertinent condemnation law makes clear that it is landowners' burden to establish the amount in which they are owed just compensation and not the other way around."). Judge Bran, considering various motions *in limine*, also stated that "factual issues relating to the extent of the burden on the land" are **"**appropriately tried to a jury." *See id.* at *5. Accordingly, Columbia has no burden to prove that there is a reasonable probability that the property may accommodate residential development after the taking. To the extent there is a dispute about the Defendants' ability to cross, or the burden imposed by Columbia requiring compliance with certain minimum guidelines as a prerequisite to Defendants constructing or paving in the area of the pipeline, those issues are not appropriate for disposition on summary judgment, and must be decided by the trier of fact.

Finally, the Landowners are not entitled to summary judgment on the basis that Columbia's declaration of taking does not guarantee them the blanket right to construct paved roads over the pipeline. A landowner never has an unfettered right to develop property without regard to public safety. Any major development involves compliance with reasonable safety precautions. Columbia has represented that it will accommodate proposed development, including crossings, in the vicinity of the pipeline as long as such development complies with

Federal pipeline safety standards, as described in Columbia's Minimum Guidelines. The Landowners' own expert in the feasibility of development of their property admitted that a safe crossing could be accomplished to meet the Minimum Guidelines of Columbia. *See* S. Victor Dep. [Appendix NA 70] at p. 40:22-25. To the extent there is confusion, the terms of the easements condemned may be revised at the time of the Judgment of the Taking, which has not yet occurred in this action. *See Sabal Trail Transmission, LLC v. Real Estate*, 2016 U.S. Dist. LEXIS 75572, *17 (M.D. Ga. June 10, 2016) (holding that, at the summary judgment stage, "the Court need not draft the final easement terms to be recorded as a Grant of Easement," and noting that "The Court will address this issue when it takes up the compensation issue.").

## II. LANDOWNERS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO A MINIMUM MARKET VALUE

As shown above, Landowners are not entitled to summary judgment in any amount as to the 40 acres not included in Columbia's taking. Even if they were, Landowners certainly are not entitled to a minimum value of $12,000 per acre.

Landowners do not cite any authority to support a motion for summary judgment setting a floor as to just compensation. Defendants admit that just compensation is the sole remaining issue in this case. *See* Landowner's Brief [ECF No. 117] at p. 1. The United States Supreme Court has described just compensation in eminent domain cases as "a single issue." *US. v. Reynolds*, 397 U.S. 14, 19 (1970). The purpose of summary judgment historically has been to narrow the issues for trial. *See Schiavone Const. Co. v. Time, Inc*., 847 F.2d 1069, 1084 (3d Cir. 1988). The Landowners' motion seeking a partial ruling on the single issue of just compensation, while also leaving the issue open for trial, is nonsensical and unsupported by law.

In any event, the Landowners improperly base their motion on statements made in Columbia's expert's report. Those unsworn statements cannot be relied on in a motion for summary judgment. *See Shaffer v. CSX Transp., Inc.*, 462 Fed. Appx.597, 602 n. 2 (6th Cir. Feb. 22, 2012) (Unpub.) ("Unsworn expert reports are hearsay and may not be considered on summary judgment"); *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 480–81, 488 (6th Cir. 2008) (noting that an expert's report was an unsworn letter and that the district court erred in considering it in deciding a summary judgment motion); *Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("'Unsworn expert reports ... do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment,'" *quoting* 11 MOORE'S FEDERAL PRACTICE ¶ 56.41 [2][c] (3d ed. 1997)); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (holding that an expert's report attached to the declaration of plaintiff's counsel did not comply with Rule 56(e), since "[t]he substance of th[e] report was not sworn to by the alleged expert").

Even if the statements were proper under Rule 56, the Landowners cannot introduce testimony from the expert of an opposing party. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 899, 904 (N.D. Ohio 2009), *aff'd*, 606 F.3d 262 (6th Cir. 2010) (finding a party is not allowed to call another party's expert as a witness at trial). At this point, it is not known if Columbia will even call William Rielly. Defendants characterize the opinions of Rielly as "judicial admissions," but these opinions plainly do not qualify as such. Rielly, Columbia's rebuttal expert, cannot bind Columbia with a judicial admission because courts have routinely declined to find that that the opinion of a party's expert rises to the level of a judicial admission. *See, e.g., Collins v. Wayne Corp.*, 621 F.2d 777, 782 (5th Cir. 1980) (defendant's expert's

9

deposition testimony "was not, of course, a binding judicial admission."); *Bianco v. Hultsteg AB*, 2009 WL 347002, at *12 (N.D. Ill. Feb. 5, 2009) (declining to treat expert's opinion as a binding judicial admission). Finally, Rielly's statements are being taken out of context by the Landowners. If Rielly is called to testify, he will explain that the $12,000 per acre figure used by the Landowners was determined as part of a determination of the value of the property per acre in fee. *See* William Rielly Report at p. 27 [Appendix NA 137]. Rielly did not ultimately use that value to calculate the diminution in value resulting from the 1.75 acre permanent easement. Instead, Rielly adjusted the fee simple value downward (75% of the fee value) to reflect the fact that the taking of the property is for operation of a gas line easement and does not consist of the entire fee simple bundle of property rights. *See id.* After making this adjustment, William Rielly effectively applied a $9,000 per acre value for the taking of 1.75 acres of permanent easement across the property. *See id.*

The Landowners also seek to rely on testimony of Karen Franks at the February 2, 2017 bond hearing at which she testified that, in calculating settlement offers to Defendants, Columbia estimated the value of the easements sought across Defendants' properties at $10,000 per acre of permanent easement and $5,000 per acre of temporary easement. Franks' testimony is plainly inadmissible as to just compensation. Under the Federal Rules of Evidence, conduct or statements made during compromise negotiations are not admissible to prove the validity or amount of a disputed claim. *See* Fed. R. Evid. 408. Courts have applied this rule to settlement negotiations that take place even before a condemnation action is filed. *See Columbia Gas Transmission, LLC v. 76 Acres More or Less*, 2014 WL 4723066, at *2 (D. Md. Sept. 22, 2014) (accepting Plaintiff's argument that "pre-suit negotiations represent offers of compromise, which are not admissible to prove the validity or amount of a disputed claim."). *See also Rockies Exp.*

10

*Pipeline LLC v. 77.620 Acres More or Less,* No. 08-CV-3127, 2010 WL 3034879, at *6 (C.D. Ill. Aug. 3, 2010)*, aff'd in part sub nom. Rockies Exp. Pipeline, LLC v. Burtle,* 492 Fed. Appx. 666 (7th Cir. 2012).

Franks' testimony also does not qualify as a judicial admission regarding the amount of just compensation due to the Landowners.  "The doctrine of judicial admissions binds a party who makes factually-based concessions in pleadings, briefs or other documents filed during the course of litigation." *Berckeley Investment Group, Ltd. v. Colkitt,* 455 F.3d 195, 211 n. 20 (3d Cir. 2006) (citing *Parilla v. IAP Worldwide Serv., VI, Inc.,* 368 F.3d 269, 275 (3d Cir. 2004). "To be binding, judicial admissions must be unequivocal." *Glick v. White Motor, Co.* 458 F.2d 1287, 1291 (3d Cir. 1972).  "Because of their binding consequences, judicial admissions generally arise only from deliberate voluntary waivers that expressly concede for the purposes of trial the truth of an alleged fact." *United States v. Belculfine*, 527 F.2d 941, 944 (1st Cir. 1975).  Even if Franks' testimony regarding settlement offers was admissible, her testimony is clearly not a "deliberate voluntary waiver" conceding, for the purposes of trial, the amount of just compensation due to the Defendants.  *See id.*

### III. THE LANDOWNERS CANNOT RECOVER THE FULL VALUE OF 40 ACRES

Even if the taking rendered 40 acres of the property unfit for future residential development, which Columbia emphatically disputes, the 40 acres would still retain value for use as the property is used today, as a wooded lot for hunting and other outdoor recreation.  It would be improper to require Columbia to compensate Defendants for a <u>total loss</u> ($12,000 per acre) in its estimate of the fair market value of those 40 acres, or even to require Columbia to pay damages at the rate calculated for the permanent easement ($9,000), as if every inch of that portion of the property was similarly burdened by a natural gas pipeline.  Such a payment would

be a windfall for Defendants, as their own expert appraisal reflects a $2,000 per acre value for the 39 acre "rear parcel" after the taking, even if that portion can never be developed. *See* R. Barone Appraisal at p. 10 [Appendix NA 22].

In addition to the $480,000 for the "land beyond the easement," Defendants seek $58,950 as "the amount Plaintiff admits as damages for the condemnation not including the 40 acres." Defendants base this amount on "the amount Plaintiff offered Defendants in settlement and admitted in testimony was the value of the land taken by easement, not including the foregoing 40 acres." As described above, the amount offered in settlement negotiations is confidential and inadmissible as to the issue of just compensation. *See* Fed. R. Evid. 408; *Columbia Gas Transmission, LLC v. 76 Acres More or Less*, 2014 WL 4723066, at *2 (D. Md. Sept. 22, 2014); *Rockies Exp. Pipeline LLC v. 77.620 Acres More or Less,* No. 08-CV-3127, 2010 WL 3034879, at *6 (C.D. Ill. Aug. 3, 2010)*, aff'd in part sub nom. Rockies Exp. Pipeline, LLC v. Burtle,* 492 Fed. Appx. 666 (7th Cir. 2012). The Landowners' attempt to base the value of "damages for the condemnation not including the 40 acres" on a settlement offer is both improper and irrelevant.

## CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment should be denied.

Dated: March 15, 2017  /s/ Nicolle R. Snyder Bagnell
Nicolle R. Snyder Bagnell (PA I.D. No. 11081)
Kevin C. Abbott (PA I.D. No. 35734)
Thomas J. Galligan (PA I.D. No. 319487)
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-3131
Fax: (412) 288-3063
*Counsel for Plaintiff Columbia Gas Transmission, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on the following via ECF.

| | |
|---|---|
| Mark C. Stopperich, Esq.<br>382 W. Chestnut Street, Suite 102<br>Washington, PA 15301<br>*Counsel for Defendants Angelo Falconi, Phillip Falconi, Edward C. Morascyzk Trustee of the Angelo M. Falconi Irrevocable Trust, Prancing Horse Farms, Paul and Lisa Campbell, Douglas and Rebecca Burig, and Patrick and Anastasia McLaughlin* | Sunshine J. Thomas, Esq.<br>Peter Carfley, Esq.<br>225 Market Street, Suite 304<br>P.O. Box 1245<br>*Counsel for Defendants Bruce and Janice Coen* |
| Barbara A. Scheib<br>Ingrid A. Bohme<br>Cohen & Grigsby, P.C.<br>625 Liberty Ave.<br>Pittsburgh, PA 15222<br>*Counsel for Defendants William and Pamela Griffith* | Maurice A. Nernberg<br>Maurice A. Nernberg & Associates<br>301 Smithfield Street<br>Pittsburgh, PA 15222<br>*Counsel for Defendants Nancy Nernberg, Carol Sovchen, and Terry Kubacka* |

Dated: March 15, 2017                                                       /s/ Nicolle R. Snyder Bagnell